JAMES M. PIPER et al.

*v.*

RACHEL PIPER et al.

Complainants and their father have had possession of certain unenclosed wood and timber-land ever since 1820. Defendants (who are pecuniarily irresponsible), under an adverse claim of title, are selling off of the premises the wood and timber, which constitute their chief value.—*Held*, that complainants are entitled to an injunction restraining the removal of the wood and timber, but not an injunction to prevent defendants trying an ejectment for the premises, begun after this suit had been brought, this suit not being brought under the act to quiet title.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. F. Voorhees*, for complainants.

Piper *v.* Piper.

*Mr. T. B. Harned,* for defendant.

THE CHANCELLOR.

The bill states that the complainants are in possession of certain unenclosed wood and timber-land in Burlington county as heirs of their late father, John Piper, Jr., deceased ; that he claimed title under a deed made in 1811, and entered into possession under that conveyance in 1820, and remained in possession until his death, which occurred in 1880 ; that since his death the complainants, his children, have been and still are in possession of the property ; that the defendants, heirs-at-law of John Pierson Piper, deceased, not only deny the title of the complainants, alleging that John Piper, Jr., died without lawful issue, and that therefore, under the before-mentioned deed, they themselves are entitled to the property, but threaten and are proceeding to sell the timber on the property at public auction. According to the bill, the wood and timber constitute the principal value of the property. The bill also states that the defendants are pecuniarily irresponsible, and that if they be permitted to sell and remove the wood and timber, the complainants will . be without remedy at law. It prays an injunction restraining the defendants from cutting, felling, disposing of or in any way interfering with the wood or timber on the premises, and that the complainants' title to the property may be established. There is also the prayer for general relief. After· the bill was filed the defendants brought an action of ejectment to try the title, and it appears that on the petition of the complainants an injunction was granted restraining the defendants from prosecuting that suit. The answer to the bill admits that a large portion of the property is unenclosed timber land, valuable for the wood and timber growing thereon ; that the complainants' father took possession in 1820 and held it till his death, in 1880, and that the complainants have been in possession (of certain portions) of the property ever since that time ; and it admits that the defendants would have proceeded to · sell the timber as charged in the bill if they had not been restrained by the injunction. It does not deny the charge of pecuniary irresponsibility made in the bill. In view of the facts, the

injunction to prevent the defendants from interfering with the timber and wood on the property, was entirely proper. *Southmayd* v. *McLaughlin, 9 C. E. Gr. 181.* But the injunction against the suit at law ought not to have been granted. The latter will be dissolved, while the former will be continued until the defendants shall have established their title at law. The bill is not filed under the act to quiet title. That act provides that the bill shall call on the defendant to specify his title, and under what instrument he claims it, and he is to be notified, by the ticket to be served with the subpœna, of the object of the suit, and that he is to answer if he makes any claim to the property. The proceedings in this case show no compliance with those provisions of the act. Under the act the defendant is to be at liberty to have the validity of his claim tried, or the facts, or such of them as it may be necessary to settle, settled by means of an issue at law. That right has, in fact, been denied to the defendants in this case. The complainants are entitled to costs, except those of the petition and injunction to stay the action at law.